UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Berny Leveque,<br><br>                    Plaintiff,<br>    -v-<br><br>Flavor Boutique 796 Inc., and<br>Michael Friedlander,<br><br>                    Defendants. | **Civ. Action #:**<br><br>**Complaint**<br><br>**Jury Trial Demanded** |

Plaintiff Berny Leveque ("Plaintiff" or "Leveque"), by Abdul Hassan Law Group, PLLC, his attorney, complaining of the Defendants Flavor Boutique 796 Inc. and Michael Friedlander (collectively "Defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges that he was employed by Defendants, individually and/or jointly, and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that he is: (i) entitled to unpaid wages from Defendants, individually and/or jointly, for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for each and all such hours over forty in a week; and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. §§ 216(b).

2. Plaintiff further complains that pursuant to the New York Labor Law ("NYLL") that he is: (i) entitled to unpaid overtime wages from Defendants, individually and/or jointly, for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for each and all such hours over forty in a week, (ii) entitled to an extra hour of pay for each day he worked a spread of hours of more than ten (10) hours; and (iii) entitled to costs and attorney's fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., ("NYLL") including NYLL § 663, and the regulations thereunder – 12 NYCRR § 142-2.2, 2.4; 12 NYCRR 146-1.6, 12 NYCRR 146-1.4.

3. Plaintiff is also entitled to recover compensation for not receiving notices and statements required by NYLL 195, under Article 6 of the New York Labor Law, and attorney's fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 U.S.C. § 216 (b).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 2202.

## THE PARTIES

7. Plaintiff Berny Leveque ("Plaintiff" or "Leveque") is an adult, over eighteen years old, who currently resides in Kings County in the State of New York.

8. Upon information and belief, and at all times relevant herein, Flavor Boutique 796 Inc. ("Flavor Boutique") was a New York for-profit corporation with a place of business located at 796 9th Avenue, New York, NY 10019, where Plaintiff was employed.

9. Upon information and belief and at all times relevant herein, the corporate Defendant was owned/controlled/managed by Defendant Michael Friedlander ("Friedlander"), who was in charge of the operations and management of Flavor Boutique 796 Inc.

10. Upon information and belief and at all times relevant herein, the corporate Defendant was owned/controlled/managed by Defendant Friedlander and was his alter ego, and it was Defendant Friedlander who controlled the employment of Plaintiff and was responsible for

hiring, firing, scheduling, controlling, managing, supervising, and record-keeping as to Plaintiff's employment, among other employment functions.

11. Upon information and belief, Defendants Flavor Boutique 796 Inc., and Michael Friedlander shared a place of business in New York County, New York, at 796 9th Avenue, New York, NY 10019, where Plaintiff was employed.

12. At all times relevant herein, Plaintiff was employed individually and/or jointly by Defendants.

## STATEMENT OF FACTS

13. Upon information and belief, and at all relevant times herein, Defendants were engaged in the business of manufacturing and selling ice cream.

14. Upon information and belief, and at all relevant times herein, Defendants, individually and/or jointly, owned and/or operated three or more locations and employed about 20-30 employees or more.

15. At all times relevant, Plaintiff was employed by Defendants, individually and/or jointly, from on or about July 29, 2014 to on or about April 29, 2015.

16. At all times relevant herein, Plaintiff was individually and/or jointly, employed by Defendants as a manual worker performing duties such as dishwashing and deliveries.

17. At all times relevant herein, Defendants paid Plaintiff at a regular rate of about $11.03 an hour and Plaintiff was not paid for each and all hours worked in a week, for each week during his employment with Defendants – for example, for the weekly pay period ending on or about April 5, 2015, Plaintiff worked 66.7 hours and was paid at a rate of $11.03 for 39.75 of these 66.7 hours and Plaintiff did not receive any wages for his remaining hours worked including his overtime hours (hours over 40 in a week) – the wage statements provided to Plaintiff reflected fewer hours than Plaintiff actually worked.

18. At all times relevant herein, Plaintiff worked approximately 60-78 hours a week and sometimes more, 6-7 days a week, up to 14 hours a day sometimes.

19. At all times relevant herein, Plaintiff worked a spread of hours of more than 10 hours a day for most days during his employment with Defendants – for about 4-5 days a week Plaintiff worked up to 12-13 hours a day.

20.  At all times relevant herein, Defendants paid Plaintiff at his straight regular rate for his overtime hours (hours over 40 in a week) worked and Plaintiff was not paid for each and all hours worked in a week, for each week during his employment with Defendants – in many weeks Plaintiff was not paid any wages for his overtime hours – not even his regular rate.

21. Plaintiff's hours worked and wages paid will be refined after Defendants produce employment, time and wage records they were required to keep under the FLSA and NYLL.

22. Plaintiff incorporates herein, <u>accurate</u> records of her time, wages and employment that Defendants were required to keep pursuant to the FLSA and NYLL.

23. At all times relevant herein and for the time Plaintiff was employed by Defendants, Defendants failed and willfully failed to pay Plaintiff an overtime rate of 1.5 times his regular rate of pay for each and all hours worked in excess of forty hours in a week for each week in which such overtime was worked.

24. Upon information and belief, Defendants failed to pay Plaintiff at a rate of 1.5 times his regular rate for each and all overtime hours worked (hours over 40 in a week).

25. At all times relevant herein, Defendants did not provide Plaintiff with the notice(s) required by NYLL 195(1).

26. At all times relevant herein, Defendants did not provide Plaintiff with the statement(s) required by NYLL 195(3) – the statements provided to Plaintiff did not contain all hours worked by Plaintiff nor all rates of pay, among other deficiencies.

27. Upon information and belief and at all times relevant herein, Defendants, individually and/or

4

jointly, had annual revenues and/or expenditures in excess of $500, 000. Plaintiff references and incorporates herein, accurate copies of records of Defendants' business volume and revenues as well as business operations and commerce that Defendants were required to keep and maintain under the FLSA including under 29 CFR 516.

28. Upon information and belief and at all times relevant herein, Defendants conducted business with companies outside the State of New York.

29. Upon information and belief, and at all times relevant herein, Defendants conducted business with insurance companies outside the State of New York.

30. Upon information and belief and at all times relevant herein, Defendants purchased supplies and products essential for their business from vendors outside the State of New York.

31. At all times applicable herein, Defendants conducted business with vendors and other businesses outside the State of New York.

32. Defendants as a regular part of their business, makes payment of taxes and other monies to agencies and entities outside the State of New York.

33. Defendants as a regular part of their business, engaged in credit card transactions involving banks and other institutions outside the State of New York.

34. At all times applicable herein and upon information and belief, Defendants utilized the instrumentalities of interstate commerce such as the United States mail, electronic mail, the internet and telephone systems.

35. Upon information and belief, and at all relevant times herein, Defendants failed to display federal and state minimum wage/overtime posters.

36. Upon information and belief, and at all relevant times herein, Defendants failed to notify Plaintiff of his federal and state overtime rights and failed to inform Plaintiff that he could seek enforcement of such rights through the government enforcement agencies.

37. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. (Overtime)

38. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 37 above as if set forth fully and at length herein.

39. At all times relevant to this action, Plaintiff was employed by Defendants individually and/or jointly, within the meaning of the FLSA – 29 U.S.C 201 et Seq.

40. Upon information and belief, and at all times relevant to this action, Plaintiff was engaged in commerce and/or in the production of goods for commerce and/or Defendants, individually and/or jointly, constituted an enterprise(s) engaged in commerce within the meaning of the FLSA including 29 U.S.C. §§ 207(a).

41. Upon information and belief and at all times relevant herein, Defendants, individually and/or jointly, transacted commerce and business in excess of $500,000.00 annually or had revenues and/or expenditures in excess of $500,000.00 annually.

42. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to pay Plaintiff overtime compensation at rates not less than 1.5 times her regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207.

### Relief Demanded

43. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants individually and/or jointly, his unpaid overtime wage compensation, plus maximum liquidated damages, attorney's fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR A SECOND CAUSE OF ACTION
## NYLL 650 et Seq. (Unpaid Overtime + SOH wages)

44. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 42 above as if set forth fully and at length herein.

45. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations thereunder including 12 NYCRR § 142, 146.

46. At all times relevant herein, Defendants failed to pay and willfully failed to pay Plaintiff overtime compensation at rates not less than 1.5 times his regular rate of pay for each and all hours worked in excess of forty hours in a work-week, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Lab. Law §§ 650 et seq.; 12 NYCRR § 142-2.2, 12 NYCRR § 146-1.4.

47. At all times relevant herein, Plaintiff worked a spread of hours of more than ten (10) hours a day for some days during the period he was employed by Defendants, individually and/or jointly, but Defendants failed to pay Plaintiff an additional hour of pay for each such day in violation of the New York Minimum Wage Act, New York Labor law § 650 et seq., including 12 NYCRR § 142-2.4, 12 NYCRR 146-1.6.

**Relief Demanded**

48. Due to Defendants' NYLL overtime violations, Plaintiff is entitled to recover from Defendants, individually and/or jointly, his unpaid overtime and spread of hours compensation, maximum liquidated damages, prejudgment interest, attorney's fees, and costs of the action, pursuant to NYLL § 663(1).

**AS AND FOR A THIRD CAUSE OF ACTION**
**NYLL § 190, 191, 193, 195 and 198**

49. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 48 above as if set forth fully and at length herein.

50. At all times relevant to this action, Plaintiff was employed by Defendants, individually

7

and/or jointly, within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198.

51. Defendants, individually and/or jointly, violated and willfully violated NYLL §§ 190 et seq., including §§ 191, 193 and 198, by failing to pay Plaintiff all his unpaid wages including his unpaid overtime wages, and spread of hours wages, Plaintiff was entitled to within the time required by NYLL §§ 191, 193 and 198.

52. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL 195(1) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b), as well as an injunction directing Defendants to comply with NYLL 195(1).

53. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff and the class members with the statement(s) required by NYLL 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d), as well as an injunction directing Defendants to comply with NYLL 195(1).

## Relief Demanded

54. Due to Defendants' New York Labor Law Article 6 violations including violation of sections 191, 193, 195 and 198, Plaintiff is entitled to recover from Defendants, individually and/or jointly, his unpaid overtime wages, spread of hours wages, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

55. Declare Defendants, individually and/or jointly, (including its wage payment policies and practices) to be in violation of the rights of Plaintiff under the FLSA and New York Labor Law – 12 NYCRR § 142, 146, and enjoin Defendants from engaging in such violations.

8

56. As to the **First Cause of Action**, award Plaintiff his unpaid overtime compensation due under the FLSA, together with maximum liquidated damages, costs and attorney's fees pursuant to 29 USC § 216(b);

57. As to the **Second Cause of Action**, award Plaintiff his unpaid overtime, and spread of hours compensation due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR § 142-2.2, 2.4, 12 NYCRR 146-1.6, 12 NYCRR 146-1.4, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

58. As to the **Third Cause of Action**, award of Plaintiff his unpaid overtime wages, spread of hours wages, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198, and issue an injunction directing Defendants to comply with NYLL 195(1) and NYLL 195(3).

59. Award Plaintiff, any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief;

60. Award Plaintiff such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
          **September 25, 2017**

Respectfully submitted,

Abdul Hassan Law Group, PLLC

/s/ Abdul Hassan
Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue
Queens Village, NY 11427
Tel: 718-740-1000
Fax: 718-740-2000
Email: abdul@abdulhassan.com
*Counsel for Plaintiff*